# DECISIONS

OF

# THE COURT OF APPEALS

## OF KENTUCKY.

———————

## WINTER TERM, 1852.

———————

### Robertson's adm'r. *vs.* Rodes.

#### ERROR TO MADISON CIRCUIT.

Chief Justice HISE delivered the opinion of the court.

1. Action on the case cannot be maintained by one having the legal title to land against another who enters, cuts timber, quarries stone, and commits like trespasses. The act of January 20, 1842, (3 *Statute Law*, 573,) does not change the form of action or enlarge the remedy which previously existed for trespasses, and personal representatives cannot maintain any other form of action than such as previously existed in behalf of the deceased owners of land.

2. If the owner of land have the actual possession by having entered thereon, with the intention to possess it, and whilst so possessed another enters and commits trespasses, such as cutting timber, quarrying stone, &c.; the only remedy is by action of trespass, *vi et armis*. If there be no actual possession, it does not follow that the action on the case lies.

3. The owner of a remainder or reversion, may, in some instances, maintain case for an injury to the estate, done by another; and the tenant in possession may maintain trespass for the forcible injury to his possession.

4. This court will not reverse, at the instance of plaintiff, though there may have been erroneous instructions given, if the plaintiff shows no cause of action in his declaration.

The main question presented in this record is, whether an action *upon the case* can be maintained by one who has the legal title, and right of possession, to land, against one or more defendants for entering

upon the land and injuring the same, and impairing its value, by ploughing it, by quarrying stone, and cutting down the valuable timber upon it, and for like trespasses.

It is the opinion of this court that such action could not be maintained by the owner himself, if living, and consequently not by his administrator after his death, as attempted in this case. For although by the act approved January 20, 1842, (3 *Statute Law*, 573,) "actions of *trespass vi et armis*, or of *trespass on the case*, AS THE FACTS MAY REQUIRE," for injuries done to the real estate of a testator or intestate in his life-time, may be maintained by or against the personal representatives after the death of the owner or tres-passer, yet, by this statute, the form of action and the legal remedy for injuries to real estate, as it pre-viously existed, has not been changed or enlarged in any way, and the executor or administrator of a de-ceased land owner cannot, under this act, maintain any other action for trespasses upon real estate, than such as could have been maintained by the proprie-tor himself, if living. In other words, the act refer-red to did not change the remedy at all, but only au-thorized such action as might have been previously brought by the owner of the land in his lifetime, to be maintained after his death by his personal represen-tative. That such is the true intent and meaning of the act is clearly indicated in the expression used therein, that either *trespass* or *case* might be brought, AS THE FACTS MAY REQUIRE. If the nature of the injury or *the state of facts*, therefore, be such, as that the form of the action by which the remedy is to be obtained is trespass *vi et armis*, if brought by the owner, then, after his death, his representative must adopt that form of action to recover for such injury. So if the facts of the case or nature of the injury would require the action to be in case, if brought by the deceased, then the same form of action may be resorted to by his administrator or executor, and not otherwise.

1. Action on the case cannot be maintained by one having the legal title to land against another who en-ters, cuts tim-ber, quarries stone, and com-mits like tres-passes. The act of January 20, 1842, (3 *Statute Law*, 573,) does not change the form of action or enlarge the remedy which previously ex-isted for tres-passes, and per-sonal represen-tatives cannot maintain any other form of action than such as previ-ously existed in behalf of the deceased own-ers of land.

If the owner of land have the actual passession thereof, by having entered thereon with intention to possess it, or by residing upon or occupying it, and whilst so possessed, another enters upon it and commits trespasses similar to those charged in the declaration in this case, the only remedy for the private injury to the land is by the action of trespass *vi et armis*; and the action upon the case will not lie for such injuries. If the owner of the land has never entered upon it at all, and was not in possession thereof at the time such injuries, and trespasses, as quarrying stone and destroying the timber upon it, were done and committed, in such case the action of trespass *vi et armis* could not be maintained, for there is no rule of pleading better settled than that the actual possession of the land is necessary to authorize a resort to this action. Yet it does not follow, that for such injuries to the land, committed when the owner was not in possession, that case is the proper action, or that it can be adopted or resorted to for remedy. This court is not advised that such action has ever been allowed in this state, or that any authority, or that any form or precedent can be found in any standard English or American work on pleading, showing that the action upon the case has been or may be adopted as the remedy for injuries to real estate belonging to one who, though not in actual possession, has the legal title thereto, and the right to the immediate possession thereof, as averred in the declaration in this case.

It is true, that where the right of possession as well as the actual possession of land is held by one, and where another is entitled to an estate in remainder, or a reversionary interest in such land, in such cases, as the owner of the remainder or of the reversionary interest, because he has no possession, cannot maintain trespass *vi et armies*, for injuries to the land, he may resort to the special action upon the case for such trespasses as are charged in this declaration, and maintain it upon averring and proving that the value

ROBERTSON'S
ADM'R.
*vs.*
RODES.

2. If the owner of land have the actual possession, by having entered thereon, with the intention to possess it, and whilst so possessed another enters and commits trespasses, such as cutting timber, quarrying stone, &c., the only remedy is by action of trespass *vi et armis*. If there be no actual possession, it does not follow that the action on the case lies.

3. The owner of a remainder or reversion, may, in some instances, maintain case for an injury to the estate, done by another; and the tenant in possession may maintain trespass for the forcible injury to his possession.

of his remainder or reversionary estate and interest in
the land has been impaired and reduced by such
trespasses.

In such case the tenant in possession may have his
action of trespass for the forcible injury to his pos-
session by entering upon the land and the taking
stone and timber from it, and at the very same time
the remainder-man, or owner of the reversionary in-
terest, may maintain his action upon the case for the
same trespasses, by alleging and showing that the
possession of the land is held by another; that he as
remainder-man or reversioner is entitled to the land
upon the termination of the intermediate estate, and
that his interest in remainder or reversion has been
impaired and injured by such trespasses. But in this
case it is both averred, in each of the several counts
in the declaration as well as shown by the proof in
the cause, that plaintiff's intestate was, at the time
the trespasses complained of were committed, the
present legal owner of the land, and if not in the ac-
tual possession thereof, yet that he was all the time
entitled to the land and to its immediate possession ;
and although it is averred in the declaration that the
trespasses, as stated, were injurious to the *reversionary*
interest of the plaintiff's intestate, in the land, yet,
as by the other averments and the proof in the cause,
it is stated and shown that the plaintiff's intestate
held no interest in remainder or reversion, but that he
was the present absolute legal owner of the land
in fee simple, such contradictory and inconsistent
averments may be regarded as betraying a conscious-
ness, upon the part of the draftsman of the declara-
tion, that there was no established rule of pleading
and no form or precedent to be found in support of
the form of action to which he was about to resort,
and hence, although the fact is shown to be untrue by
the proof in the cause, and by the other averments in
the declaration, yet, under the apprehension that his
declaration would not be good otherwise, the plain-
tiff makes the inconsistent and unsustained averment

that by reason of the trespasses committed by the defendant, his intestate had been greatly prejudiced and injured in his reversionary interest and estate in and to the land.

If the declaration is to be construed as one in case, for an injury to the remainder or reversionary interest of the plaintiff's intestate in the land trespassed upon, then the plaintiff has failed to sustain his action by the proof in the cause, which shows beyond contradiction or doubt that the plaintiff's intestate held no estate in remainder or reversion at the date of the trespasses complained of, but that he was then the absolute and present legal owner of the entire estate in fee simple of the land, and the verdict of the jury and judgment of the court for the defendants, was proper and right upon the evidence, and the court properly refused a new trial, notwithstanding erroneous instructions may have been given at the instance of defendant, and proper instructions refused to the plaintiff, for there could have been no correct verdict given other than the one actually rendered in behalf of the defendant. But it is manifest from the averments in the declaration itself, taken collectively, that the plaintiff's intestate was the absolute owner of the land trespassed upon at the time, and that he was then actually possessed or entitled to be immediately possessed of the land; and from his own showing, upon the face of his own declaration, it is manifest that his action upon the case could not be maintained; therefore, as the verdict of the jury and judgment of the court for the defendant was not erroneous, but justified, because the action could not be maintained, and because the court in the first instance erred in favor of the plaintiff and against the defendant, by overruling the said defendant's demurrer to the plaintiff's declaration. Upon the whole case the final judgment of the court is not erroneous, and therefore affirmed.

*Turner*, for plaintiff; *Caperton*, for defendant.

ROBERTSON'S
ADM'R.
vs.
RODES.

4. This court will not reverse, at the instance of plaintiff, tho' there may have been erroneous instructions given, if the plaintiff shows no cause of action in his declaration.